**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **ERIKA STURGEON**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.  2:26-cv-2360** |
| **PYE-BARKER FIRE & SAFETY, LLC**, a foreign limited liability company, | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, ERIKA STURGEON ("STURGEON" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Florida Civil Rights Act ("FCRA") for: (1) sex discrimination in violation of Title VII; (2) sex discrimination in violation of the FCRA; (3) retaliation in violation of Title VII; (4) retaliation in violation of the FCRA; (5) disability discrimination in violation of the ADA; (6) disability discrimination in violation of the FCRA; (7) retaliation in violation of the ADA; and (8) retaliation in violation of the FCRA.

1

## PARTIES

2.  Plaintiff, ERIKA STURGEON, is an individual who at all material times resided in Lee County, Florida.

3.  Defendant, PYE-BARKER FIRE & SAFETY, LLC ("Defendant"), employed STURGEON in Bonita Springs, Florida, was STURGEON's employer, and at all material times employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in the United States District Court for the Middle District of Florida because some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida.

6.  Venue is proper in the Fort Myers Division because some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida.

7.  STURGEON received her Notice of Right to Sue from the United States Equal Employment Opportunity Commission ("EEOC") on or about May 21, 2026, and this Complaint is filed within the time frame required under the law.

## GENERAL ALLEGATIONS

8. STURGEON began her employment with Defendant on or about December 15, 2023, and was employed by Defendant as an Account Manager.

9. STURGEON performed all of the essential functions of her position in a professional manner. She received effective to highly effective performance reviews, was consistently a leader in sales, received a yearly performance review in or about December 2024 during which her supervisor stated that he was happy with her performance, received a $5,000.00 raise for the year, and also received a $1,500.00 bonus.

10. STURGEON is female and is a member of a protected class.

11. STURGEON has a son who suffers from disabilities.

12. At all material times, Defendant was aware that STURGEON is female.

13. At all material times, Defendant was aware that STURGEON had a disabled son.

14. Beginning in or about 2025, Defendant began subjecting STURGEON to discrimination based upon her sex.

15. Defendant suddenly began criticizing STURGEON's wardrobe and sexuality.

3

16.     Defendant accused STURGEON of wearing dresses that were too short and of exposing private areas to other employees during team meetings. This allegation was false.

17.     Defendant also accused STURGEON of showing suggestive and intimate photographs to other employees. This allegation was false.

18.     Defendant further accused STURGEON of watching and listening to sexually explicit content in her office during work hours. This allegation was false.

19.     STURGEON offered to permit Defendant to inspect her company computer, personal computer, and cellular telephone to disprove the accusation.

20.     Male employees were not subjected to the same criticisms of wardrobe, sexuality, appearance, or alleged sexual impropriety.

21.     STURGEON did not engage in provocative or inappropriate conduct.

22.     Defendant issued STURGEON a final warning.

23.     As a condition of continued employment, Defendant required STURGEON to take code of conduct, interpersonal relationship, and management-related training.

24.     Defendant also required STURGEON to admit that she had acted as accused.

4

25.     STURGEON appealed the discipline.

26.     Defendant did not provide STURGEON with copies of the investigative report.

27.     Defendant denied STURGEON access to the report, citing confidentiality.

28.     STURGEON requested that her son be allowed to accompany her to work on rare occasions.

29.     Other employees' non-disabled children were permitted to accompany them to work.

30.     Defendant denied STURGEON's request.

31.     STURGEON objected to the disparate treatment she experienced, including the sex-based criticisms and the disparate treatment concerning her disabled son.

32.     After STURGEON objected to the disparate treatment, Defendant terminated her employment.

33.     Defendant terminated STURGEON's employment on or about August 27, 2025.

34.     At all material times, Defendant was aware of STURGEON's sex, her disabled son, and her complaints concerning disparate treatment.

35.     Defendant's stated reasons for its conduct were pretextual.

36.     Defendant's conduct altered the terms and conditions of STURGEON's employment.

37.     STURGEON timely filed a Charge of Discrimination with the EEOC and requested that it be dual filed with the Florida Commission on Human Relations.

38.     The EEOC issued STURGEON a Notice of Right to Sue on May 21, 2026.

39.     STURGEON has exhausted her administrative remedies.

## COUNT I - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - SEX DISCRIMINATION

40.     Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint as though fully set forth below.

41.     STURGEON is female and, as such, is a member of a protected class.

42.     At all material times, STURGEON was an employee, and Defendant was her employer covered by and within the meaning of Title VII.

43.     STURGEON was qualified for the position she held with Defendant.

44.     STURGEON endured disparate treatment while employed with Defendant based on her sex, thereby altering the terms and conditions of her employment.

45.     Defendant criticized STURGEON's wardrobe, sexuality, and alleged sexual conduct in a manner not applied to similarly situated male employees.

46.     Defendant disciplined and terminated STURGEON because of her sex.

47.     The acts, failures to act, practices, and policies of Defendant set forth above constitute intentional discrimination on the basis of STURGEON's sex in violation of Title VII.

48.     As a direct and proximate result of Defendant's violations of Title VII, STURGEON has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

49.     As a direct and proximate result of Defendant's actions, STURGEON has suffered damages, including but not limited to loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

50.     STURGEON has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefit costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages; and

vii. Such other relief as this Court shall deem appropriate.

## COUNT II - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 - SEX DISCRIMINATION

51.     Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint as though fully set forth below.

52.     STURGEON is female and, as such, is a member of a protected class.

53.     At all material times, STURGEON was an employee, and Defendant was her employer covered by and within the meaning of the FCRA.

8

54.     STURGEON was qualified for the position she held with Defendant.

55.     STURGEON endured disparate treatment while employed with Defendant based on her sex, thereby altering the terms and conditions of her employment.

56.     Defendant criticized STURGEON's wardrobe, sexuality, and alleged sexual conduct in a manner not applied to similarly situated male employees.

57.     Defendant disciplined and terminated STURGEON because of her sex.

58.     The acts, failures to act, practices, and policies of Defendant set forth above constitute intentional discrimination on the basis of STURGEON's sex in violation of the FCRA.

59.     As a direct and proximate result of Defendant's violations of the FCRA, STURGEON has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

60.     As a direct and proximate result of Defendant's actions, STURGEON has suffered damages, including but not limited to loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

9

61.    STURGEON has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefit costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages; and

vii. Such other relief as this Court shall deem appropriate.

## COUNT III - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION

62.    Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint as though fully set forth below.

10

63.    STURGEON is female and, as such, is a member of a protected class.

64.    At all material times, STURGEON was an employee, and Defendant was her employer covered by and within the meaning of Title VII.

65.    STURGEON was qualified for the position she held with Defendant.

66.    STURGEON complained to Defendant about sex-based disparate treatment, including Defendant's criticism of her wardrobe, sexuality, and alleged sexual conduct.

67.    STURGEON's complaints constituted protected activity because they concerned unlawful employment practices by Defendant.

68.    Defendant was aware of STURGEON's protected activity.

69.    After STURGEON engaged in protected activity, Defendant terminated her employment.

70.    STURGEON's protected activity was the proximate cause of Defendant's negative employment actions against her.

71.    Instead of preventing or correcting the discriminatory conduct, Defendant retaliated against STURGEON.

72.    The acts, failures to act, practices, and policies of Defendant set forth above constitute retaliation in violation of Title VII.

11

73.     As a direct and proximate result of Defendant's violations of Title VII, STURGEON has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

74.     As a direct and proximate result of Defendant's actions, STURGEON has suffered damages, including but not limited to loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

75.     STURGEON has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefit costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Punitive damages;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

## COUNT IV - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 – RETALIATION

76.     Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint as though fully set forth below.

77.     STURGEON is female and, as such, is a member of a protected class.

78.     At all material times, STURGEON was an employee, and Defendant was her employer covered by and within the meaning of the FCRA.

79.     STURGEON was qualified for the position she held with Defendant.

80.     STURGEON complained to Defendant about sex-based disparate treatment, including Defendant's criticism of her wardrobe, sexuality, and alleged sexual conduct.

81.     STURGEON's complaints constituted protected activity because they concerned unlawful employment practices by Defendant.

82.     Defendant was aware of STURGEON's protected activity.

83.     After STURGEON engaged in protected activity, Defendant terminated her employment.

13

84.     STURGEON's protected activity was the proximate cause of Defendant's negative employment actions against her.

85.     Instead of preventing or correcting the discriminatory conduct, Defendant retaliated against STURGEON.

86.     The acts, failures to act, practices, and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

87.     As a direct and proximate result of Defendant's violations of the FCRA, STURGEON has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

88.     As a direct and proximate result of Defendant's actions, STURGEON has suffered damages, including but not limited to loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

89.     STURGEON has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had she maintained her

14

position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefit costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Punitive damages;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

## COUNT V - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED - DISABILITY DISCRIMINATION

90.     Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint as though fully set forth below.

91.     STURGEON has a son who suffers from disabilities.

92.     Defendant knew that STURGEON had a disabled son.

93.     STURGEON requested that Defendant allow her son to accompany her to work on rare occasions.

94.     Defendant permitted other employees' non-disabled children to accompany them to work.

95.     Defendant denied STURGEON's request.

15

96. Defendant treated STURGEON less favorably because of her association with her disabled son.

97. At all material times, STURGEON was an employee, and Defendant was her employer covered by and within the meaning of the ADA.

98. STURGEON was qualified for the position she held with Defendant.

99. Defendant discriminated against STURGEON with respect to the terms, conditions, and privileges of employment because of her association with an individual with a disability.

100. Defendant conducted itself with malice or with reckless indifference to STURGEON's federally protected rights.

101. Defendant discriminated against STURGEON in violation of the ADA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

102. Defendant's conduct altered the terms and conditions of STURGEON's employment, and STURGEON suffered negative employment action, including discipline and termination.

103. As a direct and proximate result of Defendant's violations of the ADA, STURGEON has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

16

104.    As a direct and proximate result of Defendant's actions, STURGEON has suffered damages, including but not limited to loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

105.    STURGEON has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefit costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

17

## COUNT VI - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 - DISABILITY DISCRIMINATION

106.　Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint as though fully set forth below.

107.　STURGEON has a son who suffers from disabilities.

108.　Defendant knew that STURGEON had a disabled son.

109.　STURGEON requested that Defendant allow her son to accompany her to work on rare occasions.

110.　Defendant permitted other employees' non-disabled children to accompany them to work.

111.　Defendant denied STURGEON's request.

112.　Defendant treated STURGEON less favorably because of her association with her disabled son.

113.　At all material times, STURGEON was an employee, and Defendant was her employer covered by and within the meaning of the FCRA.

114.　STURGEON was qualified for the position she held with Defendant.

115.　Defendant discriminated against STURGEON with respect to the terms, conditions, and privileges of employment because of disability.

116.　Defendant conducted itself with malice or with reckless indifference to STURGEON's protected rights under Florida law.

18

117.    Defendant discriminated against STURGEON in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

118.    Defendant's conduct altered the terms and conditions of STURGEON's employment, and STURGEON suffered negative employment action, including discipline and termination.

119.    As a direct and proximate result of Defendant's violations of the FCRA, STURGEON has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

120.    As a direct and proximate result of Defendant's actions, STURGEON has suffered damages, including but not limited to loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

121.    STURGEON has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had she maintained her

position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefit costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

## COUNT VII - VIOLATION OF THE ADA – RETALIATION

122.    Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint as though fully set forth below.

123.    STURGEON requested that Defendant permit her disabled son to accompany her to work on rare occasions, as other employees' non-disabled children were permitted to do.

124.    STURGEON objected to Defendant's disparate treatment concerning her disabled son.

125.    STURGEON's request and objections constituted protected activity.

126.    Defendant was aware of STURGEON's protected activity.

20

127.    Following STURGEON's protected activity, Defendant altered the terms and conditions of her employment and terminated her employment.

128.    STURGEON's protected activity was the proximate cause of Defendant's negative employment actions against her.

129.    Instead of ceasing its discriminatory treatment, Defendant retaliated against STURGEON.

130.    The acts, failures to act, practices, and policies of Defendant set forth above constitute retaliation in violation of the ADA.

131.    As a direct and proximate result of Defendant's violations of the ADA, STURGEON has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

132.    As a direct and proximate result of Defendant's actions, STURGEON has suffered damages, including but not limited to loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

133.    STURGEON has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

21

i. Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefit costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

## COUNT VIII - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 – RETALIATION

134. Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint as though fully set forth below.

135. STURGEON requested that Defendant permit her disabled son to accompany her to work on rare occasions, as other employees' non-disabled children were permitted to do.

136. STURGEON objected to Defendant's disparate treatment concerning her disabled son.

22

137. STURGEON's request and objections constituted protected activity.

138. Defendant was aware of STURGEON's protected activity.

139. Following STURGEON's protected activity, Defendant altered the terms and conditions of her employment and terminated her employment.

140. STURGEON's protected activity was the proximate cause of Defendant's negative employment actions against her.

141. Instead of ceasing its discriminatory treatment, Defendant retaliated against STURGEON.

142. The acts, failures to act, practices, and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

143. As a direct and proximate result of Defendant's violations of the FCRA, STURGEON has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

144. As a direct and proximate result of Defendant's actions, STURGEON has suffered damages, including but not limited to loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

145. STURGEON has exhausted her administrative remedies and this count is timely brought.

23

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefit costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, ERIKA STURGEON, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: August 13, 2026

**s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

25